People of the State of Illinois, Plaintiff-Appellee, v. Jack Columbus Caldwell and Edward Adolph White, defendants-Appellants.

Gen. No. 64–148.

Second District.

September 28, 1965.

John S. Juergensmeyer, of Elgin, for appellant.

William R. Ketcham, State's Attorney, of Elgin (Gordon F. DeHart, Assistant State's Attorney, of counsel, of Aurora), for appellee.

ABRAHAMSON, P. J.

This is an appeal from the Circuit Court of Kane County wherein both of the defendants were found guilty of robbery. The case was tried before a jury and after the verdict of guilty the court sentenced the defendants from three to twelve years in the penitentiary.

The defendants urge four grounds for reversal to wit:

1. That the trial court unreasonably restricted the cross examination of the complaining witness as to his

bias and prejudice as to his motive in securing a conviction of colored defendants.

2. That the trial court erred in permitting the State to call rebuttal witnesses without prior notice to the defendants.

3. That the evidence was insufficient to support the verdict.

4. That the sentence was excessive.

The complaining witness, Richard Russell, testified he first saw defendant Edward White about 11:30 on April 9, 1964, in Penny's Hideaway in Aurora, Illinois. Defendant White first approached Mr. Russell then Defendant Caldwell followed. After a conversation at Penny's Hideaway, the three parties left together, to go to a nearby tavern. While walking to the Hillside Tavern the defendants asked Russell to give them some money for drinks. Russell opened his wallet and gave them two dollars under the railroad viaduct. His wallet contained $15 and a one-hundred-dollar bill of Chinese money. The defendants saw the money and suggested they fix him up with a girl. Russell told them he was not interested but defendants persisted with firm language. The defendants took Russell to the Hillside Tavern about one-half block away and seated him in a booth. Russell attempted to leave but Defendant White told him to sit back down. Shortly afterwards White grabbed Russell's arm and said, "Let's go, it's all fixed up." Russell was led out of the tavern and the threesome walked away from the tavern. As they turned off New York Street Russell attempted to tell the defendants again that he was not interested. White then grabbed Russell by the shirt and Caldwell struck him. While White continued his hold on Russell the defendants told him to give them his money. Russell gave his wallet to White who took out the money and handed some of it to

Caldwell. When the defendants discovered the Chinese money, it was thrown back to Russell and he was pushed to the ground. The defendants then threatened physical harm to Russell if he told anyone of the incident. Russell went immediately to the Aurora Police station to report the incident. This was about 12:30 a. m.

Defense witness Marion Gordon testified she was with Caldwell from 9:30 or 10:00 p. m. to 1:00 a. m. on the night in question at an Aurora American Legion Post. She stated they did not see White that night. Defense witness Robert Dean testified that after defendants were arrested and while he was the owner of the Crystal Lounge in Aurora, the complaining witness, who was a stranger to Dean, came to him several times and suggested he would drop the criminal charges for $85. Defense witness William G. Wilson, who was employed by Robert Dean as a bartender at the Crystal Lounge testified that some time after the defendants were arrested Russell came into the Crystal Lounge and asked to see Robert Dean who was not in the Tavern at the time. Later Wilson said Russell returned and saw Dean. Defense witness Jesse Head, proprietor of Penny's Hideaway, testified that he did not see either defendants or Russell in his tavern from 8:00 a. m. to 10:00 p. m. when he closed his tavern on the day in question.

Rebuttal witness Helen Passley testified she saw White and Caldwell with Russell in the Hillside Tavern on the evening in question and the three men left the Tavern together. White talked to her in the tavern. She also testified she saw Russell and two plain clothes policemen later at the Tavern. Rebuttal witness Georgia Price also testified she saw White and Caldwell with Russell in the Tavern that night.

In rebuttal, Russell testified he saw Robert Dean twice before the trial, once at the preliminary hearing

283

of the case and once at the Crystal Lounge when Dean came to Russell and asked if he was the complaining witness against White and Caldwell. Russell denied he ever discussed the subject of $85 with Dean. Russell also testified that he saw William Wilson only once and that was when Dean talked to him at the Crystal Lounge. Russell denied he ever spoke to Wilson.

Rebuttal witness Lester Leifheit, an Aurora police officer, gave testimony that he was one of the officers on duty the night of the robbery, to whom Russell reported the robbery; that he, Russell, and another police officer went to the Hideaway Tavern where he questioned Helen Passley, who told him that she recognized Russell as the man who had been in the tavern earlier with the defendants, Caldwell and White. He also testified that on the basis of her identification of Caldwell and White he, then, made the arrest when he saw them on the streets of Aurora in front of a tavern later that night.

While we are of the opinion that most of the alleged errors were not properly preserved for review, we will treat them as if they had been.

 It is true, as defendants contend, that the widest latitude should generally be allowed to counsel for the defense during cross-examination designed to establish bias or prejudice against defendants on the part of a State's witness. People v. Mason, 28 Ill2d 396, 403, 192 NE2d 835. It is equally true that the limit to which cross-examination shall be permitted rests soundly in the discretion of the trial judge. People v. McCain, 29 Ill2d 132, 134, 193 NE2d 784. The holdings of this court have vested the trial judge with a substantial discretion as to the range of cross-examination and we will not interfere with the exercise of that discretion in the absence of clear proof of its abuse. People v. Halteman, 10 Ill2d 74, 86, 139 NE2d 286.

■■ We have examined those portions of the record wherein defendants allege their counsel was improperly restricted in the cross-examination and we cannot find a basis for holding that the trial judge abused his discretion. In addition it is not apparent that defense counsel indicated the basis of his line of questioning nor did he make any offer of proof as to the competency, relevency or materiality of the evidence sought to be elicited. People v. Langzem, 307 Ill 56, 66, 138 NE 222.

■ Defendants complain that they were not notified that witnesses Price and Leifheit were to be called by the State and they were thereby surprised and prejudiced by their testimony. They also contend that the testimony of the rebuttal witness should have been part of the State's case in chief. The record discloses that witness Leifheit was duly listed on the indictment as a State witness. Georgia Price was not listed. Her testimony was no more than cumulative with that of Helen Passley's, in that she testified that she had seen Caldwell, White and Russell together in the Hillside Tavern on the night in question. She was correctly a rebuttal witness to Caldwell's alibi that he was not with Russell or White on the evening in question. As a rebuttal witness there was no need to include her in the list of witnesses. Chapter 38, § 114-9, Ill Rev Stats. The record does not support the assertion that the testimony of the rebuttal witness should properly have been presented as part of the case in chief. In any event the rule is that even though testimony would be proper as evidence in chief, its admissibility rests largely within the sound discretion of the trial court. We find no error in this respect. People v. Lion, 10 Ill2d 208, 217, 139 NE2d 757, People v. Crump, 5 Ill2d 251, 265, 266, 125 NE2d 615, People v. Drysch, 311 Ill 342, 346, 347, 143 NE 100.

■ ■ We next consider whether the evidence taken as a whole is sufficient to support the jury's verdict of guilty. The testimony of one identifying witness alone, if it is positive and the witness credible, is sufficient to convict even though the testimony is contradicted by the accused. The jurors, whose function it was to determine the credibility of the witness, have accepted his testimony as true and we find no basis for disturbing their finding, or for substituting our judgment for theirs. People v. Solomon, 24 Ill2d 586, 591, 592, 182 NE2d 736, People v. Lamphear, 6 Ill2d 346, 356, 128 NE2d 892.

■ ■ The final question is whether the sentence of three to twelve years is unreasonable and excessive. The gist of the offense of robbery consists in taking of property of value from the person of another by force or intimidation. Unlike theft, in robbery the value of the property taken is immaterial as long as it is shown to have some value. People v. Fiereto, 303 Ill 186, 189, 135 NE 417, People v. Flaherty, 396 Ill 304, 310–312, 71 NE2d 779, inclusive. At the hearing before the Judge on mitigation and aggravation a showing was made that both defendants have records of prior convictions of felonies and assorted misdemeanors. The sentence imposed was not excessive.

Judgment affirmed.

DAVIS and MORAN, JJ., concur.