**People of the State of Illinois, Defendant in Error, v. Little Berry Curtis, Plaintiff in Error.**

**Gen. No. 65–98.**

Fifth District.

May 12, 1970.

Maurice A. Rickelman, of Effingham, for plaintiff in error.

Curtis G. Quindry, State's Attorney of Jasper County, of Newton, for defendant in error.

EBERSPACHER, J.

Little Berry Curtis was indicted by the Grand Jury of Jasper County, Illinois, on October 18, 1963, for the crime of aggravated incest with his daughter, Mary Curtis. On October 25, 1963, his motion for a Bill of Particulars specifying the time and place of the crime was

denied without argument and trial was held December 2, 1963. The defendant was represented by appointed counsel throughout. He was convicted of the offense charged and sentenced to the penitentiary for not less than eight nor more than twenty years.

■ His post-conviction petition was denied on motion without an evidentiary hearing and defendant appealed to the Supreme Court from that judgment. The issue on that appeal was whether his constitutional rights were violated by reason of the failure of the trial court to grant the motion for a Bill of Particulars. This issue was decided adversely to the defendant by the Supreme Court in People v. Curtis, 41 Ill2d 147, 242 NE2d 201 (1968). That issue, although raised on this appeal from the judgment of conviction, therefore has been disposed of and will not be further discussed herein.

The only issue remaining is defendant's contention that the trial court erred in denying him the right to cross-examine the victim's sister, Bonnie Curtis, as to her interest, bias or motivation and to examine defense witness, Hazel Williams, the sister of defendant, as to the interest, bias or motivation of the complaining witness. The following excerpt from defendant's brief shows this claim:

> "On cross-examination of prosecution witness, Bonnie Curtis, Mr. Leffler, defense attorney, asked:
> "Q. How has your father treated you, Bonnie?
> "Mr. Eaton: That's objected to as immaterial.
> "The Court: The objection is sustained.
> "On another occasion Mr. Leffler, defense attorney, was questioning Hazel Williams, defense witness, who testified that Mary Curtis, came back over after a while and they were sitting over there drinking and she stated to me— —
> "Mr. Eaton: I object to that statement as hearsay and ask the Court to instruct the jury to disregard it.

386

"The Court: The objection is sustained and the jury are instructed to disregard any conversation that Mary had with her.

"Mr. Leffler: Mary came to your house?

"Hazel Williams: She said that she hoped that her dad got so drunk that he got locked— —

"The Court: You are instructed not to continue that answer as it is hearsay, and the jury is instructed to disregard it.

"Mr. Eaton: I object to the demeanor of the witness, that she has not complied with the direction of the Court, and her statement should be wholly disregarded.

"The Court: The jury will disregard her answer.

"It appears that the defense was endeavoring to secure by cross-examination of Bonnie Curtis, and by direct examination of Hazel Williams, evidence of the hostility, interest, bias or motivation of Bonnie Curtis and Mary Curtis, witnesses for the prosecution."

The State concedes, and rightly so, that the defendant is entitled to the opportunity to reveal any hatred which a witness might have for the defendant. For example, "it is proper to show the actions and conduct of witnesses as bearing on their motives." People v. Turner, 265 Ill 594, 602, 107 NE 162 (1914). "The character and extent of the feeling of hostility entertained by a witness should be permitted to be shown." People v. Strauch, 247 Ill 220, 230, 93 NE 126, 131 (1910).

■ However, "it is equally true that the limit to which cross-examination shall be permitted rests soundly in the discretion of the trial judge." People v. Caldwell, 62 Ill App2d 279, 284, 210 NE2d 556, 558 (1965). Furthermore, the trial court is vested with a wide discretion in the matter of cross-examination and only a clear abuse of discretion will bring about the interference of a

reviewing court. People v. Halteman, 10 Ill2d 74, 139 NE 2d 286 (1965).

■ ■ In order to impeach a witness for bias, it is necessary that a proper foundation be laid. People v. Rainford, 58 Ill App2d 312, 208 NE2d 314 (1965). The defense counsel failed to indicate the basis of his proposed line of questioning, nor did he make an offer of proof as to the competency, relevancy or materiality of the evidence sought to be elicited. His direct examination of Hazel Williams as to what Mary Curtis said on a previous occasion was properly refused under the circumstances. Counsel had an opportunity to cross-examine Mary Curtis to establish any bias or motive on her part. This was not done and her possible bias or motive in testifying the way she did was not placed in issue for impeachment.

■ We cannot say that the refusal by the trial court to allow inquiry on cross-examination of Bonnie Curtis into the way her father treated her was an abuse of discretion. Counsel did not provide the court with any reason why the inquiry was material, nor was an offer of proof made. People v. Caldwell, supra.

■ We do not here hold that a defendant cannot develop the bias or motive of a witness. We are only saying that the requirements of law and procedure must be followed in so doing.

This Court is appreciative of the excellent manner in which appointed counsel has proceeded on appellant's behalf in this appeal.

Judgment affirmed.

MORAN and GOLDENHERSH, JJ., concur.