THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN WILLIAMS, Defendant-Appellant.

(No. 73-234;

Third District—December 6, 1974.

*Rehearing denied January 7, 1975.*

James Geis and Richard Steck, both of State Appellate Defender's Office, for appellant.

Martin Rudman, State's Attorney, of Joliet (Ludwig J. Kuhar, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

■■ Defendant, John Williams, appeals from a conviction and sentence for aggravated battery which occurred at the Stateville Penitentiary. Appellant was charged with aggravated battery under section 12—4(a) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 12—4(a)), which requires proof that "a person who, in committing a battery, intentionally or knowingly, causes great bodily harm." Section 12—3 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 12—3) defines simple battery as either causing bodily harm by physical contact or the making of an insulting or provoking contact with another. The substantive difference between the two charges is that aggravated battery requires harmful conduct which results in severe bodily harm while ordinary or simple battery simply requires harmful contact. Simple battery is a Class A misdemeanor and aggravated battery is a Class 3 felony.

Appellant, an inmate, sought to go to a certain church service at Stateville Penitentiary. Officer King advised defendant Williams that he had come too late and that he should go to his cell. Defendant refused to leave and Officer King then called for a lieutenant. Lieutenant Sharp came to Cell House E where Officer King was stationed. Defendant refused to allow Lieutenant Sharp to take him to an investigation area. He requested an explanation for Sharp's suggestion that defendant had violated a disciplinary rule of the prison. After a brief exchange (during which Sergeant Fisher entered) defendant walked toward the door to the right of Lieutenant Sharp. After walking a few steps, Williams then turned and hit Sharp and Sharp fell to the floor.

The testimony was conflicting as to Williams' role. Sharp testified that the defendant was to his right slightly behind him when he was struck on the right cheek bone and jaw. King corroborated the testimony and added that Williams had apparently used his left arm and a backswing. Defendant disagreed and stated that he hit Sharp on the left side of his face with his right hand. He also stated that a recent operation on his left arm reduced the strength in his left arm. Others saw defendant strike Sharp. After Sharp fell down, King tried to grab the defendant but was also knocked down. A struggle ensued between Williams and Officers King, Fisher and Sharp. When Sharp sought to telephone for help, defendant struck him for the second time. Other officers arrived and led defendant from the room.

A few minutes before the defendant was subdued, Officer Fisher had received a message that several inmates were approaching the cell house brandishing baseball bats and that three officers, on their way to pick up appellant, had been assaulted. The trouble was not over when Sharp passed in that direction, but Sharp testified he received no injuries at that time. The testimony of Officer Fisher as to that event was curtailed by the court as being beyond the scope of the direct testimony. Counsel for defendant sought to examine Officer Fisher on that event on cross-examination, but the testimony was curtailed by the court as being beyond the scope of the direct examination, which did not cover the matters referred to.

Defendant admitted striking complainant Lt. Sharp twice during the altercation. His defense to the charge of aggravated battery was that the blows he struck were not the cause of the severe damage which was admittedly suffered by Sharp and which was required to convict under section 12—4(a) of the Criminal Code. Appellant contends that the evidence presented for the defense, if believed, would permit the jury to convict on the offense of simple battery, which is a lesser included offense within the definition of section 12—4(a) covering aggravated battery.

(*People v. Gnatz*, 8 Ill.App.3d 396, 290 N.E.2d 392.) Defendant therefore asserts that the court erred when it refused a battery instruction tendered by defendant and the verdict form tendered by him for the reason that the evidence entitled him to such an instruction. The injury suffered by Lieutenant Sharp was described by the doctor as a blowout fracture and an injury to the bone above the right eye. The attending doctor stated that it would take a tremendous force to inflict such an injury but also said the injury could occur as a result of a fall.

■■ With respect to the issue relating to the instruction on the lesser included offense, if there is any evidence which tends to prove the lesser rather than the greater offense, defendant is normally entitled to such an instruction. (*People v. Papas*, 381 Ill. 90, 44 N.E.2d 896.) The evidence in this case appears to strongly indicate that the defense of defendant could not be sustained. Defendant contends, however, that he is entitled to an instruction even though he may not have been entitled to be convicted only on the lesser charge as a matter of law. He points out that there was some evidence (his own testimony) which created an issue of fact and that he was entitled to a jury determination on this issue. The contention of defendant is based on the premise that he struck Lieutenant Sharp only on the left side of the face and that the opposite or right side of the face suffered the severe damage. Defendant was entitled to have the jury pass on the question of whether or not he was guilty of a simple battery or aggravated battery on the basis of the evidence as presented in the trial court.

■■ It appears that defendant tendered a verdict form as to simple battery but did not tender a battery issue instruction of the character illustrated in Illinois Pattern Instructions—Criminal No. 11.06. In the event that defendant had tendered a battery instruction which did not conform to the IPI form, then the court should have prepared and submitted an instruction to cover the issue. (*People v. Joyner*, 50 Ill.2d 302.) In the Joyner case, the supreme court of this State concluded that the failure to tender an instruction on a lesser included offense in conformity with IPI did not prevent a remand for a new trial with direction to instruct the jury on the lesser offense so long as the evidence warranted the instruction, where defendant had tendered at the trial, an instruction on the lesser offense which was defective. Assuming also that no battery instruction was tendered, fundamental fairness requires such procedure, notably in this type of case. A trial should be had where a jury is adequately instructed on the issues of battery and aggravated battery so that there could be no conclusion that the ultimate decision resulted from a technicality.

■■ On the issue of whether defendant is right in his contention that

the court erred by not permitting defense counsel from pursuing, on cross-examination of Fisher, matters relating to the incident outside the cell house, we do not believe that the position taken by defendant is sound. The objective of the cross-examination was undertaken to elicit some evidence which would suggest an alternative cause of the injury suffered by Sharp. The direct testimony of Fisher was concerned solely with the occurrences within the cell house. The latitude which a party is given on cross-examination is within the sound discretion of the trial court (*People v. Curtis*, 123 Ill.App.2d 384, 259 N.E.2d 397). Any error, therefore, with respect to this matter would be harmless. If counsel for defendant sought to develop the other line of questioning, he could easily have called the same witness to testify for the defense.

■■■ A final claim of error is raised by defendant to the effect that the trial court abused its discretion when it refused appellant's motion for discovery of the names of occurrence witnesses. While discovery rules do not expressly require the discovery of occurrence witnesses, a trial judge in his discretion can order such discovery under Supreme Court Rule 412 (Ill. Rev. Stat. 1973, ch. 110A, par. 412). (See also *Krupp v. Chicago Transit Authority*, 8 Ill.2d 37.) In the cause before us, defendant apparently tried to obtain the names from the officers who were present, but those persons were unable to recall which inmates were at the cell house at the time of the incident. It appears, however, that since the "broad purpose of discovery procedure was to de-emphasize the adversary quality of litigation and to reassert the higher aim of ascertaining the truth," as set forth in *Monier v. Chamberlain*, 66 Ill.App.2d 472, 480, *aff'd*, 35 Ill.2d 351, we believe that defendant should have been granted the requested discovery, if available.

We conclude, therefore, that this cause should be remanded for a new trial for the reasons stated. Accordingly, the judgment of the Circuit Court of Will County is reversed and remanded for a new trial.

Reversed and remanded.

STOUDER and DIXON, JJ., concur.