THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHNNY THOMPSON, Defendant-Appellant.

Second District   No. 76-473

Opinion filed December 23, 1977.

Ralph Ruebner and Allen L. Wiederer, both of State Appellate Defender's Office, of Elgin, for appellant.

John Payne, State's Attorney, of Dixon (Phyllis J. Perko, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE NASH delivered the opinion of the court:

Defendant, Johnny Thompson, was convicted after trial by jury in the Circuit Court of Lee County of the offense of battery (Ill. Rev. Stat. 1975, ch. 38, par. 12—3) and sentenced to a two year term of probation with the condition that the first 150 days be served in the county jail.

Defendant was charged by a criminal complaint which alleged that he caused bodily harm to one Keith Atwell on July 12, 1976. The evidence is not in substantial dispute. It appears Mr. Atwell and his girlfriend had been playing cards in defendant's home with defendant's wife in the early morning hours. When defendant came home he asked Atwell to come outside and during an ensuing altercation chased Atwell and struck him with a belt buckle cutting his shoulder. Defendant and his wife testified Atwell had first cut defendant's pants with a knife during the fight. The jury returned a verdict of guilty of battery.

The only issue raised on this appeal is whether the trial court erred in refusing to give the following instructions tendered by defendant:

"A person commits the crime of disorderly conduct when he knowingly does any act in such unreasonable manner as to alarm or disturb another and to provoke a breach of the peace". (Illinois Pattern Jury Instructions, Criminal, No. 19.03 (1968).)

"To sustain the charge of disorderly conduct the State must prove the following proposition:

That the defendant knowingly performed an act in such an unreasonable manner as to alarm or disturb Keith Atwell and provoke a breach of the peace.

If you find from your consideration of all the evidence that this proposition has been proved beyond a reasonable doubt then you should find the defendant guilty.

If, on the other [hand], you find from your consideration of all the evidence that this proposition has not been proved beyond a reasonable doubt, then you should find the defendant not guilty." (IPI Criminal No. 19.04.)

On the objection of the State the court refused the tendered instructions on the lesser offense of disorderly conduct.

Defendant contends disorderly conduct is a lesser included offense of battery and that he was, therefore, entitled to have the jury consider that offense as well as battery.

■■ It has been well established by the decisions of the reviewing courts of Illinois that where there is evidence presented which would support a conviction of a lesser included offense, a defendant is entitled to have the jury instructed as to that offense. (*People v. Perry* (1974), 19 Ill. App. 3d 254, 258, 311 N.E.2d 341, 345; see also *People v. Williams* (1974), 24 Ill. App. 666, 321 N.E.2d 74.) The question to first be resolved in such cases is whether the lesser offense is, in fact, an included offense of the greater.

■■ An included offense, for purposes of this case, is one which is "established by proof of the same or less than all of the facts or a less culpable mental state (or both), than that which is required to establish the commission of the offense charged * * *." (Ill. Rev. Stat. 1975, ch. 38, par. 2—9(a).) As stated in *People v. Delk* (1976), 36 Ill. App. 3d 1027, 1041, 345 N.E.2d 197, 209:

"For an offense to be a lesser offense, and included within another, greater offense, it is necessary that the greater offense include every element of the lesser offense plus one or more other elements. [Citations.] To say this another way, a lesser included offense, sometimes referred to as a 'necessarily included offense,' is one composed of some, but not all of the elements of the greater offense, and which does not have an element not included in the greater offense [citation], so that it is impossible to commit the greater offense without necessarily committing the lesser offense. [Citations.]"

Section 12—3 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 12—3) defines battery, as it is relevant to this case, as follows: "A person commits battery if he intentionally or knowingly without legal justification and by any means * * * causes bodily harm to an individual * * *." In the instant case defendant was charged with causing bodily harm to Keith Atwell. Section 26—1(a)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 26—1(a)(1)) defines disorderly conduct as follows: "A person commits disorderly conduct when he knowingly * * * [d]oes any act in such unreasonable manner as to alarm or disturb another and to provoke a breach of the peace * * *."

While the evidence in the case at bar might well have supported a finding of guilty of the offense of disorderly conduct, it does not follow that disorderly conduct is a lesser included offense of battery. Proof of disorderly conduct requires a showing that defendant's conduct alarmed or disturbed another and provoked a breach of the peace which elements are not necessary to establish a battery. (See also *City of Chicago v. Wender* (1970), 46 Ill. 2d 20, 262 N.E.2d 470.) The fact that these additional elements may have been seen in the facts in this case is not determinative of the question.

Several Illinois cases have turned upon similar findings. In *People v. Russell* (1972), 4 Ill. App. 3d 26, 280 N.E.2d 288, the court found the offense of criminal damage to property not to be included in the offense of burglary because the element of damage, which must be proved to sustain a conviction for criminal damage to property, is not an element of the offense of burglary. The court in *People v. Baylor* (1975), 25 Ill. App. 3d 1070, 324 N.E.2d 255, refused to find the offense of deceptive practice to be a lesser included offense of forgery. It found that while a conviction for deceptive practice in that case would require a finding that the defendant knew when he drew the check that it would not be paid, that element was not required for proof of forgery. See also *People v. Higgins* (1967), 86 Ill. App. 2d 202, 229 N.E.2d 161.

The trial court properly refused the instructions tendered by defendant relating to the offense of disorderly conduct as it is not a lesser included offense of battery. The judgment of the Circuit Court of Lee County is affirmed.

Affirmed.

RECHENMACHER, P. J., and GUILD, J., concur.