THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL BARKENLAU, Defendant-Appellant.

Second District    No. 80-846

Opinion filed April 15, 1982.

Mary Robinson and John R. Wimmer, both of State Appellate Defender's Office, of Elgin, and Robert Agostinelli and Peter A. Carusona, both of State Appellate Defender's Office, of Ottawa, for appellant.

Fred Foreman, State's Attorney, of Waukegan (Phyllis J. Perko and Larry Wechter, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HOPF delivered the opinion of the court:

Defendant was convicted of attempt (armed robbery) (Ill. Rev. Stat. 1979, ch. 38, par. 8—4(a)) and unlawful use of a weapon (Ill. Rev. Stat. 1979, ch. 38, par. 24—1(a)(4)) following a jury trial in Lake County. On appeal he contends that his statement to the police that he intended to rob his victims was not corroborated by sufficient independent proof of the *corpus delicti* of attempt (armed robbery). He also argues that his request for the court to instruct the jury on the lesser offenses of aggravated assault and reckless conduct was improperly denied.

The evidence of the attempt (armed robbery), without defendant's statement to the police, shows that at about 11:30 p.m. on May 4, 1980, David Carey and Shirley Mann picked up defendant, who was hitchhiking on Sheridan Road in Lake County. Defendant sat in the back seat of the car, saying nothing at first, and then saying, "Turn right here." Shirley Mann, the passenger in the front seat, turned around and saw defendant had a gun pointed at her face. She and David Carey tried to determine exactly where defendant wished them to turn. The defendant muttered something that Carey could not hear, and then said, "Yes, up here," when

Carey asked if he had said Al's Tap. Carey turned the car onto a side street near Al's Tap. Mann then jumped out of the car, and Carey disarmed defendant.

The police officer who arrived at the scene testified at trial that defendant told him that "he was going to rob them."

Defendant argues that the *corpus delicti* of an offense must be shown independently of any statement made by defendant. *People v. Taylor* (1974), 58 Ill. 2d 69, 78, 317 N.E.2d 97, cited by defendant, appears to support this position, as in it the supreme court stated, "So long as the *corpus delicti* is proved, a confession tending to show that the defendant committed the crime will justify a conviction." The supreme court recently stated in *People v. Willingham* (1982), 89 Ill. 2d 352, 359, that the most precise explanation of what is necessary to establish the *corpus delicti* was given in *People v. Perfecto* (1962), 26 Ill. 2d 228, 229:

" 'The true rule is that if there is evidence of corroborating circumstances which tend to prove the *corpus delicti* and correspond with the circumstances related in the confession, both the circumstances and the confession may be considered in determining whether the *corpus delicti* is sufficiently proved in a given case. (*People v. Borelli*, 392 Ill. 481.) The same evidence may be used to prove both the existence of the crime and the guilt of the defendant, the test being whether the whole evidence proves the facts that a crime was committed and that the accused committed it. *People v. Brown*, 379 Ill. 262.' *People v. Gavurnik*, 2 Ill. 2d 190, at 194."

The *Willingham* court, after reviewing the case law on the subject, stated in summation, "[I]f the independent evidence *tends* to prove that an offense occurred, then such evidence, if corroborative of the facts contained in the confession, may be considered along with the confession in establishing the *corpus delicti*." 89 Ill. 2d 352, 361.

A person commits an attempt when, with intent to commit a specific offense, he does any act which constitutes a substantial step toward the commission of that offense. (Ill. Rev. Stat. 1979, ch. 38, par. 8—4(a).) The offense of armed robbery occurs when a person takes property from the person or presence of another by the use of force or by threatening the imminent use of force (Ill. Rev. Stat. 1979, ch. 38, par. 18—1(a)) while carrying on or about his or her person, or being otherwise armed with, a dangerous weapon. Ill. Rev. Stat. 1979, ch. 38, par. 18—2(a).

■■ The independent evidence here, that defendant pulled a gun out and aimed it at the passenger, clearly indicates that a crime was committed. The nature of that offense was stated by defendant. He was going to rob his victims. Although we can only identify the particular offense from the confession we think that the facts *aliunde* the confession tend to prove that the offense of attempt (armed robbery) occurred. The independent

evidence is consistent with the confessed intent to commit an armed robbery, and although it does not by itself establish the *corpus delicti* of the offense charged, it does *tend* to prove the *corpus delicti*, and is corroborative of the facts contained in defendant's confession to the police officer. We conclude that the evidence *aliunde* the confession tends to prove the *corpus delicti* and is corroborative of defendant's statement. The independent evidence together with the confession prove the commission of attempt (armed robbery).

Defendant next argues that his request for the tendering of instructions on lesser offenses should have been granted. The defendant had requested the court to instruct the jury on aggravated assault and reckless conduct but the trial court refused.

With regard to defendant's argument on aggravated assault, it has been held that aggravated assault is not a lesser included offense of the offense of armed robbery. *People v. Robinson* (1979), 68 Ill. App. 3d 687, 386 N.E.2d 165.

Defendant argues that *People v. Cramer* (1981), 85 Ill. 2d 92, 421 N.E.2d 189, holds that the description of the crime in the charge, not the abstract elements of the offenses as stated in the statutes, is the controlling consideration in determining what is a lesser included offense. The *Cramer* analysis, if applied here, he contends, would compel the conclusion that he could have been convicted of aggravated assault and that the jury should have been instructed on that offense. *Cramer* requires a determination of what is a lesser included offense by a comparison between the lesser offense and the offense that is charged, as the latter offense is described in the indictment or information. The court in *Cramer* referred to *Sansone v. United States* (1965), 380 U.S. 343, 349, 13 L. Ed. 2d 882, 887-888, 85 S. Ct. 1004, 1009, in which the Supreme Court stated: "Thus, '[i]n a case where some of the elements of the crime charged themselves constitute a lesser crime, the defendant, if the evidence justifie[s] it, * * * [is] entitled to an instruction which would permit a finding of guilt of the lesser offense.' [Citations.]" A comparison of the abstract elements of the statute under which the crime was charged and the statute in which defendant grounded the tendered instruction is not to be made.

■■ The court in *Cramer* refrained from addressing the question of whether evidence adduced at trial could support a defendant's tendered instruction where the terms of the indictment could not. In the absence of any ruling upon that matter by the court in *Cramer* we must proceed under the long recognized rule that the offense for which defendant seeks an instruction must not only be a lesser offense but one which is included in the offense described in the indictment or information. *People v. Robinson*; *People v. Thompson* (1977), 55 Ill. App. 3d 795, 371 N.E.2d 326.

■■ The information here charged defendant with attempt (armed robbery) with the allegation that he "committed the offense of ATTEMPT (ARMED ROBBERY) * * * in that the defendant with intent to commit the offense of Armed Robbery * * * performed a substantial step towards the commission of that offense, in that he pointed a dangerous weapon, a .25 caliber gun, at David Corey [*sic*], with intent to rob David Corey [*sic*] of his money by threatening the imminent use of force." The commission of aggravated assault here would consist of the commission of assault using a deadly weapon. (Ill. Rev. Stat. 1979, ch. 38, par. 12—2(a)(1).) It is thus necessary to allege and prove the use of a deadly weapon "which places another in reasonable apprehension of receiving a battery." (Ill. Rev. Stat. 1979, ch. 38, pars. 12—1, 12—2(a)(1).) It may be, as the court in *Robinson* stated, that a reasonable apprehension of receiving a battery "may be inherently present in many armed robberies [or attempted armed robberies for that matter], but it is not an element required to be specifically proved." (68 Ill. App. 3d 687, 691.) The indictment here charged defendant with attempt (armed robbery) but did not include as a matter to be proved that defendant placed his victim in reasonable apprehension of receiving a battery. The trial court therefore properly ruled that aggravated assault was not a lesser included offense and correctly refused to tender this instruction to the jury.

Defendant also tendered an instruction on reckless conduct. Reckless conduct consists of endangering the bodily safety of an individual and performing recklessly acts which endanger the other's safety, whether those acts are lawful or not. (Ill. Rev. Stat. 1979, ch. 38, par. 12—5.) This lesser offense requires proof of an element, reckless performance of an act, which is not charged in the information. "The fact that these additional elements may have been seen in the facts in this case is not determinative of the question." (*People v. Thompson* (1977), 55 Ill. App. 3d 795, 798.) All the elements of the offense of reckless conduct were not included in the charge, and so defendant was not entitled to an instruction on reckless conduct as a lesser included offense.

Defendant argues that regardless of whether aggravated assault and reckless conduct were included offenses of the offense charged, the evidence at trial would have permitted a jury rationally to find defendant guilty of the lesser offenses and acquit him of the greater, and, consequently, instruction on the lesser offenses would have accorded him the full benefit of the reasonable-doubt standard.

■■ Defendant argues that the supreme court's statement in *Cramer*, "We intimate no view here upon whether the evidence as adduced at trial could support a defendant's tendered instruction where the terms of the indictment could not" (85 Ill. 2d 92, 98), indicates that this question has been left open for us to rule upon and that we can choose to rule that an

offense need not be included in the charged offense in order to be instructed upon. The matter is not open for our consideration. Our supreme court has stated many times prior to its decision in *Cramer* that when conduct is violative of more than one statute and each statute requires different proof for conviction it is for the State, not the defendant, to choose under which statute defendant will be prosecuted. *(People v. Henderson* (1978), 71 Ill. 2d 53, 373 N.E.2d 1338; *People v. Brooks* (1976), 65 Ill. 2d 343, 357 N.E.2d 1169; *People v. Gordon* (1976), 64 Ill. 2d 166, 355 N.E.2d 3.) "No defendant has an absolute right to pick and choose his prosecution and his punishment." *(People v. Simpson* (1978), 57 Ill. App. 3d 442, 449, 373 N.E.2d 809 *aff'd* (1978), 74 Ill. 2d 497.) To allow the consideration of other issues into the trial process by instructing on offenses which are not included in the offense charged would infringe upon the State's discretion to prosecute a defendant for a particular offense. Such a practice would give a defendant a role in the picking and choosing of his prosecution. It has long been recognized that one may not be convicted of an unindicted offense which is not a lesser-included of the offense for which he is charged. *(People v. Hobson* (1979), 77 Ill. App. 3d 22, 28, 396 N.E.2d 53; *People v. Thompson; People v. Rainbolt* (1977), 52 Ill. App. 3d 374, 367 N.E.2d 293.) The trial court properly refused to instruct the jury on offenses which were not included in the crime charged.

We affirm the judgment of the circuit court of Lake County.

Affirmed.

LINDBERG and NASH, JJ., concur.