PRESIDING JUSTICE WILSON delivered the opinion of the court: This appeal presents a question not previously addressed by this court: whether a minor who has twice been adjudicated a delinquent and who is thereafter charged in a delinquency petition with having committed the offense of burglary (Ill. Rev. Stat. 1981, ch. 38, par. 19 — 1) may be subjected to the provisions of the Habitual Juvenile Offender Act (the Act). (Ill. Rev. Stat. 1981, ch. 37, par. 705 — 12.) The background of this case is as follows. A petition for adjudication of wardship was filed alleging that the respondent was delinquent because “[0]n or about March 10, 1982, at Cook County, Illinois, [he] committed the offense of Burglary in that he, without authority knowingly entered a part of a building, the property of Denise Seay, with the intent to commit therein a theft, in violation of Chapter 38, Section 19 — 1(a).” The State served respondent with a petition and notice of intent to prosecute him as a habitual juvenile offender. (Ill. Rev. Stat. 1981, ch. 37, par. 705 — 12.) A jury trial was conducted as allowed by the Act, and the jury found respondent “delinquent in that he committed the offense of burglary.” Respondent filed a motion in arrest of judgment on the ground that the delinquency petition did not allege the commission of an offense for which he could be adjudged a habitual juvenile offender. The trial court denied the motion and entered an order committing respondent to the Juvenile Division of the Illinois Department of Corrections. On appeal, respondent reiterates his argument that he was neither charged with, nor found to be delinquent based upon an offense for which he could be prosecuted as a habitual juvenile offender. The relevant segment of the habitual juvenile offender statute provides: “(a) Any minor having been twice adjudicated a delinquent minor for offenses which, had he been prosecuted as an adult, would have been felonies under the laws of this State, and who is thereafter adjudicated a delinquent minor for a third time shall be adjudged an Habitual Juvenile Offender where: 1. The third adjudication is for an offense occurring after adjudication on the second; and 2. the second adjudication was for an offense occurring after adjudication on the first; and 3. the third offense occurred after January 1, 1980; and 4. the third offense was based upon the commission of or attempted commission of the following offenses: murder, voluntary or involuntary manslaughter; rape or deviate sexual assault; aggravated or heinous battery involving permanent disability or disfigurement or great bodily harm to the victim; burglary of a home or other residence intended for use as a temporary or permanent dwelling place for human beings; home invasion; robbery or armed robbery; or aggravated arson.” Ill. Rev. Stat. 1981, ch. 37, par. 705 — 12(a). There is no issue raised here concerning the requisite elements set forth in subparagraphs (a)l through (a)3. Respondent’s contention is that subparagraph (a)4 is not satisfied since the burglary offense with which he was charged was not based upon the commission of “burglary of a home or other residence intended for use as a temporary or permanent dwelling place for human beings.” Respondent’s argument is premised on the fact that he was specifically alleged to be delinquent for having committed the offense of burglary in violation of section 19 — 1(a) of the Criminal Code of 1961, which explicitly excludes from its definition the offense of residential burglary.[1] I The first question we must address is the State’s claim that respondent waived appellate review. In its brief, the State has characterized the issue on appeal as raising an “alleged pleading defect.” The State then argues, in reliance on People v. Walker (1980), 83 Ill. 2d 306, 415 N.E.2d 1021, that respondent waived the right to appellate review of his prosecution as a habitual juvenile offender because (1) he did not contest the adequacy of the petition at trial; (2) he participated in a jury trial under the Act; and (3) the defense he raised was insufficient identification of him as the offender, not inability of the State to prove that the burglarized premises was a residential dwelling. We find that the State’s contention is faulty since it is premised upon its inaccurate interpretation of the issue. Respondent has not challenged the sufficiency of the delinquency petition to charge him with the underlying offense of burglary in violation of section 19 — 1(a) of the Criminal Code of 1961. His contention is that by definition, burglary and residential burglary are mutually exclusive crimes, and that prosecution as a habitual juvenile offender is available only where a delinquency petition charges the underlying offense of residential burglary in violation of section 19 — 3(a) of the Criminal Code of 1961. In any event, we would find the State’s argument that respondent waived appellate review by failing to make a timely objection to be without merit. Error is preserved by either objection at the proper time or by the filing of a post-trial motion (People v. Mathes (1981), 101 Ill. App. 3d 205, 210, 427 N.E.2d 1269). Here, respondent raised the issue in a motion in arrest of judgment which “opens the entire record for examination and reaches any defect apparent therein.” (People v. Beauchemin (1979), 71 Ill. App. 3d 102, 109, 389 N.E.2d 580.) Moreover, attacks on the trial court’s jurisdiction to try an accused for an offense are not waived by failure to make an appropriate objection in the trial court. People v. Greer (1964), 30 Ill. 2d 415, 417, 197 N.E.2d 22. II The State’s second argument is that the Habitual Juvenile Offender Act is “solely an enhanced penalty provision for recidivist juvenile offenders and does not in any way define or classify a particular offense that is proscribed by Illinois law.” Accordingly, the State contends that after respondent was adjudicated a delinquent for the third time, albeit based upon the offense of burglary, he could then be subjected to the enhanced penalty provided for in the Act if either at the trial or at the dispositional hearing, the State introduced evidence that the burglarized premises was a “home or other residence.” In support of its argument, the State relies on People v. Hayes (1981), 87 Ill. 2d 95, 429 N.E.2d 490. In Hayes, our supreme court held that in order to invoke the enhanced sentencing statute to elevate retail theft (under $150) from a Class A misdemeanor to a Class 4 felony (Ill. Rev. Stat. 1981, eh. 38, pars. 16A — 10(1),(2)), it is not necessary for the prosecution to either plead or prove at trial the enhancement element, i.e., a prior theft conviction. The court in Hayes stated that the only requirement was for the sentencing court to have found beyond a reasonable doubt, after notice to the accused and an opportunity to refute the allegation, that the accused did have a prior retail theft conviction. 87 Ill. 2d 95, 98. We believe that the State’s reliance on Hayes is misplaced. The enhancement portion of the retail theft statute does not alter the elements of that offense. Rather, it merely increases the sentence which the trial court may impose upon a defendant who has a prior retail theft conviction. The State is correct that the result of the Habitual Juvenile Offender Act is to enhance the penalty which may be imposed upon a recidivist juvenile offender. However, the holding in Hayes would only apply to alleviate the need to plead or prove at the trial the fact of the two prior delinquency adjudications. We decline to interpret Hayes to mean that within the Habitual Juvenile Offender Act the State may charge a minor with delinquency based upon one crime, but then, without amending the delinquency petition, proceed to prove the commission of an unrelated felony which also happens to be enumerated in the Act. In the instant case, respondent was charged in the delinquency petition with the underlying offense of burglary. The jury was instructed only on the elements necessary to prove burglary, and the verdict was “delinquent based upon burglary.” It is clear that if respondent had been prosecuted as an adult, he could not have been charged with “burglary” but convicted of “residential burglary.” Residential burglary, a Class 1 felony, is not a lesser-included offense of burglary, a Class 2 felony. (Ill. Rev. Stat. 1981, ch. 38, pars. 19 — 1, 19 — 3.) As stated in People v. Barkenlau (1982), 105 Ill. App. 3d 785, 790, 434 N.E.2d 856, “[0]ne may not be convicted of an unindicted offense which is not a lesser-included of the offense with which he is charged.” That principle should apply equally to respondent. The adjudication of the circuit court finding respondent to be delinquent based upon burglary is affirmed, and the cause is remanded for reconsideration of the disposition to be imposed. Affirmed and remanded. LORENZ and MEJDA, JJ., concur. Section 19 — 1 of the Criminal Code of 1961, as amended effective January 1, 1982, states: “Sec. 19.1 Burglary, (a) A person commits burglary when without authority he knowingly enters or without authority remains within a building, house-trailer, watercraft, aircraft, motor vehicle as defined in The Illinois Vehicle Code, railroad car, or any part thereof, with intent to commit therein a felony or theft. This offense shall not include the offenses set out in Section 4 — 102 of The Illinois Vehicle Code, nor the offense of residential burglary as defined in Section 19 — 3 hereof. (b) Sentence. Burglary is a Class 2 felony.” Section 19 — 3, which was added to the Criminal Code of 1961 also effective January 1, 1982, establishes a distinct offense for burglary of a residence and increases the penalty as follows: “Sec. 19 — 3(a). Residential burglary. A person commits residential burglary who knowingly and without authority enters the dwelling place of another with the intent to commit therein a felony or theft. (b) Sentence. Residential burglary is a Class 1 felony.”