(No. 36439.—■■■■■■■■)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN ORR, Plaintiff in Error.

*Opinion filed January 23, 1962.—Rehearing denied March 22, 1962.*

CHARLES B. EVINS and R. EUGENE PINCHAM, both of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and JOHN T. GALLAGHER and LAWRENCE I. GENESEN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

At a jury trial in the criminal court of Cook County, the defendant, John Orr, was adjudged guilty of the unlawful sale of narcotic drugs and was sentenced to the penitentiary for a term of not less than ten nor more than thirty years. Upon writ of error he contends (1) that the lower court erred in failing to instruct the jury as to the contents of the indictment and (2) that the trial judge made prejudicial remarks in the presence of the jury.

In support of his first contention defendant argues that although the jurors found him to be guilty "in manner and form as charged in the indictment," they were at no time instructed by the court as to what offenses the indictment actually charged, nor upon what charge defendant was

being tried. Therefore, he insists the verdict was meaningless and void.

The present indictment, in separate counts and in simple language, alleged the unlawful sale and possession of narcotic drugs. It was agreed by counsel prior to trial that the People would proceed only upon the count charging sale and would ask for no instructions regarding possession of narcotics. Both parties in closing arguments to the jury repeatedly emphasized the element of sale and defendant's attorney therein cautioned: "One of the essential ingredients is they must prove that the defendant did what he is charged with having done in the indictment; that he sold narcotics to Rochon." This agreement of counsel was adhered to so far as the instructions were concerned, and the jury was not instructed that possession of marijuana was illegal, nor was any other instruction given relating to the possession of narcotic drugs. The only instruction that characterized any conduct as illegal was that "it is unlawful for any person to sell any narcotic drug except as authorized under the Uniform Narcotic Drug Act," and that the term "sale" includes traffic in, barter, exchange, or gift thereof. Under these circumstances we think that it cannot be said that the jury was unaware of the criminal offense for which the defendant was being tried.

Defendant has little cause to complain about the court's failure to give more specific instructions since he did not see fit to tender instructions upon this point. As we have repeatedly stated, if an accused wishes certain instructions to be given he must request the court to so act, since the trial judge is under no duty to give instructions upon its own motion. *People* v. *Carvin*, 20 Ill.2d 32; *People* v. *Wilson*, 1 Ill.2d 178; *People* v. *Lindsay*, 412 Ill. 472.

Defendant's second contention is based upon a remark made by the court immediately prior to closing argument as follows:

"The Court: You may proceed with the arguments.

"Mr. Jenesen: Your Honor, the State will waive any opening statement and reserves the right to answer Mr. Pincham, if he sees fit to argue.

"Mr. Pincham: I beg your pardon.

"The Court: I say, I think he will see fit to argue."

We see no sound basis for the argument that this passing comment of the court either prejudiced defendant in the eyes of the jury, or reflected upon the competency of his counsel. Furthermore, defendant also neglected to call this matter to the attention of the trial court either by objection or post-trial motion, and the present objection comes too late on review. *People* v. *Weisberg,* 396 Ill. 412; *People* v. *Wilson,* 342 Ill. 358.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*