(No. 36371.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JIMMIE MOORELANDER, Plaintiff in Error.

*Opinion filed September 28, 1962.*

RONALD S. LADDEN, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys

General, and JOHN T. GALLAGHER and RUDOLPH L. JA-NEGA, Assistant State's Attorneys, of counsel,) for the the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Defendant was found guilty by a jury of murder and was sentenced to the penitentiary for life. His sole contention on this writ of error is that the trial court erred in refusing an instruction tendered by him relating to his failure to testify.

The only evidence at the trial was that submitted by the People, and there is no question as to the sufficiency of that evidence to sustain the verdict. The defendant neither took the stand nor offered any other evidence in his own behalf. Defendant's instruction No. 12, which was refused by the court, read as follows:

"The court instructs the jury that when a defendant enters a plea of not guilty he denies each and every material allegation in the indictment. The defendant has a right to take the stand and testify in his own behalf or refrain from testifying.

"The court further instructs the jury as a matter of law that in their deliberations they must not comment upon the failure of the defendant to testify in this case, nor shall they draw any presumption of guilt of the defendant because of his failure to testify."

The People objected to this instruction because of that portion stating that the jury, in their deliberations, must not comment upon the failure of the defendant to testify, and the instruction was refused by the court.

Defendant contends that there is express statutory authority for a court to instruct a jury that it may not, during its deliberations, comment upon the failure of the defendant to testify, and contends further that, even without statutory authority, a court has inherent power to give such

an instruction. The statutory provision relied upon by defendant reads as follows:

"No person shall be disqualified as a witness in any criminal case or proceeding by reason of his interest in the event of the same, as a party or otherwise, or by reason of his having been convicted of any crime; but such interest or conviction may be shown for the purpose of affecting his credibility: Provided, however, that a defendant in any criminal case or proceeding shall only at his own request be deemed a competent witness, and his neglect to testify shall not create any presumption against him, *nor shall the court permit any reference or comment to be made to or upon such neglect."* Ill. Rev. Stat. 1959, chap. 38, par. 734. (Emphasis supplied.)

Although numerous decisions hold that it is error for the court to permit the prosecution to refer to or to call attention to the failure of the defendant to take the stand (*People* v. *Cheney,* 405 Ill. 258; *People* v. *Morgan,* 20 Ill.2d 437,) we can find no case dealing with the propriety of any instruction admonishing the jury not to make any such comments in their deliberations. We cannot agree with defendant's contention that the italicized language in the statute quoted above requires or authorizes the giving of such an instruction. Rather, we think that the clause "nor shall the court permit any reference or comment to be made to or upon such neglect" refers to references and comments made during the course of the trial. The court can exercise direct control over such references and comments. When, however, the jury retires to the jury room, its deliberations are secret even from the judge, and he has no way to control their comments. Indeed, it would be improper for him to attempt to do so. We cannot believe that the legislature, in providing that the court should not permit any reference or comment upon the neglect of a defendant to testify intended to impose upon the trial judge a burden that is beyond his power to enforce.

It is apparent that an instruction to the jury containing an inflexible prohibition against any comment on the failure of the defendant to testify goes too far. It would, for example, preclude an individual juryman who sincerely felt some other members of the jury were being influenced by defendant's failure to testify from remonstrating with them and calling their attention to the instruction. Since it cannot be said, as a matter of law, that any comment in the jury room concerning the defendant's failure to testify is necessarily improper, the trial judge correctly refused to give the instruction as tendered.

Defendant further contends that, in any event, he was entitled to have the jury instructed that his failure to testify created no presumption of guilt against him, and that the refusal of the court to give the tendered instruction deprived him of that right. It is indeed the law that the failure of a defendant in a criminal case to testify creates no presumption against him (Ill. Rev. Stat. 1959, chap. 38, par. 734) and that a defendant who has not testified is entitled to have the jury instructed to such effect. (*People* v. *Greben,* 352 Ill. 582; *Farrell* v. *People,* 133 Ill. 244; See *People* v. *Winn,* 324 Ill. 428, 444.) Defendant's argument, however, ignores the fact that he failed to tender a proper instruction to this effect. Instead, he tendered an instruction which included both proper and improper elements. Under these circumstances, the trial court was justified in refusing the tendered instruction and was under no obligation to rewrite the instruction tendered by the defendant so that it would include only proper elements. *People* v. *Stella,* 344 Ill. 589, *People* v. *Andrews,* 327 Ill. 162.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*