THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RONALD VIRGIL BAYLOR, Defendant-Appellant.

(No. 73-69;

Second District (2nd Division)—February 25, 1975.

Ralph Ruebner and Richard Wilson, both of State Appellate Defender's Office, of Elgin, for appellant.

Jack Hoogasian, State's Attorney, of Waukegan (James W. Jerz, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

Defendant, Ronald Virgil Baylor, was indicted on one count of forgery by a grand jury in Lake County. He was found guilty by a jury on March 27, 1972, and subsequently sentenced to 5 years' probation. Defendant appeals on the grounds that he was not proven guilty beyond a reasonable doubt, that the trial court committed reversible error in not instructing the jury on the offense of deceptive practices (which offense is argued by defendant to be a lesser included offense of forgery), and that the trial court committed reversible error in not instructing the jury upon the nature of circumstantial evidence.

On December 6, 1971, defendant went into Mama Mia's Restaurant in Park City, Illinois, to cash a payroll check. A waitress told the defendant that the restaurant did not have enough money to cash the check, so defendant asked two friends waiting outside to join him in eating there so that the restaurant would have sufficient money to cash the check. Defendant and his two friends each ordered steak and eggs. The defendant endorsed the check and gave it to the waitress in payment of the bill. The defendant furnished identification, and the waitress wrote his

selective service number on the back of the check. After cashing the check, defendant and his friends left, leaving the food untouched.

Just after defendant left, a police officer came in, and the waitress gave him the check. At trial, an examiner of questioned documents could not identify the defendant's handwriting as being the same as the handwriting on the front of the check, but could identify it as the same as the handwriting of the endorsement.

Thomas M. Gannon, a Catholic priest and Provincer for the Chicago Province of the Society of Jesus, identified the check as one of the official checks of the Province. He stated that the signature on the front of the check purporting to be his was not his and not a signature authorized by him. He testified that the defendant had been an employee of the Province from October 15 to November 10 of 1971. Gannon paid the defendant three times, never by check. Gannon was only one of several people who directed defendant in his duties while working for the Province.

William J. Schmidt, another priest and secretary-treasurer of the Province since 1968, identified the check as an official Province check. He testified that he and four other priests, none of whom was Gannon, had authority to write checks on the account from which this check was drawn. The Province accounts, upon which this check was drawn, was only a convenience account, and the Province had a payroll account with another bank. Schmidt paid defendant three times, the last being November 10, 1971, each time in cash.

The issues on appeal are:

    I. Was defendant proven guilty of forgery beyond a reasonable doubt?

    II. Did the trial court err in finding that deceptive practice was not a lesser included offense to forgery and by not instructing the jury on the offense of deceptive practice?

    III. Did the trial court err in not instructing the jury upon the nature of circumstantial evidence?

### I.

Insofar as is relevant here, forgery is defined in section 17—3(a)(2) of the Criminal Code. (Ill. Rev. Stat. 1973, ch. 38, par. 17—3(a)(2)). Defendant's assignment of error is based on the contention that one element of the offense of forgery, knowledge that the check was not authentic, was not proven beyond a reasonable doubt. Such knowledge must clearly be proven in order for defendant to be convicted of forgery. *People v. Cohen*, 343 Ill. 437.

■■ There is no dispute here that this check was forged. The question

is whether or not the defendant knew that this was a forged check when he cashed it at the restaurant. "[I]t is the duty of this court to resolve all facts and circumstances in evidence on the theory of innocence rather than guilt if that reasonably can be done." (*People v. Connie,* 52 Ill.App. 2d 221, 227-28. See also *People v. Dougard,* 16 Ill.2d 603.) However, the evidence here does not point to a reasonable theory of defendant's innocence. The defendant had worked for the purported drawer of this check prior to its date. He had always been paid in cash, never having gotten a check from his employer. Defendant had not worked for the purported drawer of this check for 4 weeks prior to its date. He called two friends into the restaurant to purchase meals along with himself so that the restaurant would have enough money to cash the check and as soon as the check was cashed all three of them left, leaving their meals untouched. The theory of defendant's innocence under the circumstances here has to be that he somehow came into possession of this check not knowing it to be a false instrument, though he had never received a check from the purported drawer and had ceased working for the purported drawer 4 weeks earlier, and then endorsed it over in good faith. This is not a reasonable theory of innocence.

*People v. Cohen,* 343 Ill. 437, where the court remanded for a new trial, is cited by the defendant as being factually analogous to the case at hand. In each case the person who cashed the check made payable to him presented authentic identification while cashing the check in person and, while at liberty, made no attempt to flee. However, there the similarity ends insofar as is relevant here. In *Cohen,* the defendant gave a logical reason for having the check. He said it was in payment for goods delivered and produced a witness who testified that the defendant told him that he dealt in such goods. Also, the drawer in that case was a "Homer Bros," and though Louis Homer testified that he alone was authorized to make such a signature, defendant testified that he got such a signature on the check from George Homer. In *Cohen,* the court said at page 442: "There is no evidence in this case that the George Homer mentioned by plaintiff in error in his testimony was not one of the Homer brothers whose name was used in the title of the corporation and that he was not connected with the corporation." Unlike the case at hand, a reasonable theory of innocence was present in *Cohen.* In the instant case there is simply no logical set of circumstances to cast the defendant's conduct in an innocent light.

Defendant also cites *People v. Ciralsky,* 360 Ill. 554, where the court said, at page 561: "Circumstances of suspicion, merely, without more conclusive evidence, even though the party offers no explanation of them, are not sufficient proof of guilt." In *Ciralsky,* the evidence simply showed

that a forgery was committed with an instrument in which the name of the store in which the defendant worked appeared. There was no evidence as to whether the defendant was the only worker in the store, or whether there were others. It was not shown that the defendant there did any of the writing on the false instrument or that she received any of the money due thereon. In the instant case the defendant both endorsed the instrument and received the proceeds therefrom.

In forgery cases, proof must often be by circumstantial evidence. (*People v. Church*, 366 Ill. 149; *People v. Dunham*, 344 Ill. 268; *People v. Dauphin*, 53 Ill.App.2d 433.) Here the evidence was circumstantial and logically probative, as discussed above. The defendant was proven guilty of forgery beyond a reasonable doubt.

## II.

An included offense is one which "[i]s established by proof of the same or less than all of the facts or a less culpable mental state (or both), than that which is required to establish the commission of the offense charged \* \* \*." (Ill. Rev. Stat. 1973, ch. 38, par. 2—9(a).) Forgery, for our purposes, is the delivery of a check knowing it to be fraudulent in that it purports to be made by one who did not make it, with the intent to defraud. (Ill. Rev. Stat. 1973, ch. 38, par. 17—3.) A deceptive practice, for our purposes is the delivery of a check drawn on a real depository, knowing that it will not be paid by the depository, with the intent to defraud and the intent to obtain control over the property of another. Ill. Rev. Stat. 1973, ch. 38, par. 17—1.

To be a lesser included offense, *all* of the elements of the lesser offense must be included within the greater offense. Knowledge that the check will not be paid by the depository is an element of deceptive practice, but not of forgery. In forgery, one either assumes that the check will be paid by the depository and only be discovered upon the purported drawer's noticing that his account has been debited, or does not know whether the check will be paid by the depository or not. Deceptive practice contemplates a situation where one is fully aware that the check will not be honored by the depository, either because the purported drawer has no account there or because the account is insufficient. This knowledge or awareness is not part of the offense of forgery. Forgery encompasses the check which is not what it purports to be because at least some part of it is not genuine. In deceptive practice, the check can be completely genuine, exactly what it purports to be, but not backed up by sufficient funds.

There is another difference between forgery and deceptive practice. Forgery requires only the intent to defraud, while deceptive practice

requires the intent to defraud and the intent to pay for or gain control over the property or money of another.

■■ "If the greater of two offenses includes all the legal and factual elements of the lesser, the greater includes the lesser, but if the lesser offense requires the inclusion of some necessary element not so included in the greater offense, the lesser is not necessarily included in the greater." (41 Am. Jur. 2d *Indictments and Informations* § 313 (1968).) Deceptive practice is not a lesser offense included in forgery; hence, the court below did not err in refusing to instruct the jury on deceptive practices as a lesser included offense.

### III.

The record clearly indicates that defendant offered the Illinois Pattern Jury Instruction on circumstantial evidence. (IPI Criminal No. 3.02) This offered instruction included the second paragraph, which paragraph is only to be included when the proof of guilt is entirely circumstantial. (IPI Criminal No. 3.02, Committee Note.) The evidence in this case was not entirely circumstantial. Defendant admits that, but argues that failure by the court to give the jury the first paragraph of the instruction, which paragraph is to be given if there is some circumstantial evidence, as here, was error. However, the trial judge stated that if the correct instruction (the first paragraph only) were tendered to him, he would give it.

> "The Court: There is direct evidence, and there is some circumstantial, and if it were tendered in a proper form, I would give it. But in this form, this is an appropriate instruction in a case that is entirely circumstantial and if that were true, I would give it. But I'm refusing it. If one is tendered, I would take it that my experience shows, at any rate, when defense lawyers tender that one, they don't want to tender it in proper form. They only want to tender it in the improper form, and I presume you are not going to tender it in the proper form. Is that correct?
> Mr. Hannigan: Judge, I believe it is in the proper form."

■■ A defendant cannot complain of the failure of the court to instruct on a certain feature of the case where he has not requested a proper instruction on that feature. (*People v. Orr*, 24 Ill.2d 100; *People v. Porter*, 13 Ill.App.3d 893.) Also, an instruction which includes both a correct and an incorrect proposition of law, as here, is properly refused and the trial judge is under no obligation to rewrite the instruction tendered by defendant so that it would be proper. *People v. Moorelander*, 25 Ill.2d 309.

■■ Defendant argues that he has a right to have the jury instructed

on any theory of defense for which there is a foundation in the evidence. He cites *People v. King*, 76 Ill.App.2d 354, in support of this proposition. In that case, the instruction sought was refused because it had no foundation in the evidence. Here the instruction offered referred to a case with solely circumstantial evidence. As there was direct evidence in the case at hand, this instruction also was properly refused as not supported by the evidence.

■■■ Finally, even assuming arguendo that the proper part of the instruction in question should have been given, the failure to give it was harmless error. "Even though error may have been committed in giving or refusing instructions it will not always justify reversal when the evidence of defendant's guilt is so clear and convincing that the jury could not reasonably have found him not guilty." (*People v. Ward*, 32 Ill.2d 253, 256.) The circumstantial evidence here was more damning than the direct evidence, and any omission in referring to circumstantial evidence can only have been to defendant's advantage.

The judgment of the Circuit Court of Lake County is affirmed.

Judgment affirmed.

RECHENMACHER, P. J., and T. MORAN, J., concur.