THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DONNA JEAN CLAY, Defendant-Appellant.

Second District   No. 2—87—0302

Opinion filed March 18, 1988.

Donna Jean Clay, of Dakota, for appellant *pro se*.

Neil F. Hartigan, Attorney General, of Springfield (Shawn W. Denney, Solicitor General, and Terence M. Madsen and Joan G. Fickinger, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE REINHARD delivered the opinion of the court:

Following a jury trial, defendant, Donna Jean Clay, was found guilty of willfully failing to file an Illinois income tax return for the taxable year 1985. (Ill. Rev. Stat., 1984 Supp., ch. 120, par. 13—1301.) She was sentenced to a 30-month term of probation with conditions, including a 60-day jail term, and ordered to pay a $5,000 fine.

Defendant appeals, *pro se*, and raises numerous issues involving her right to be represented at trial by competent counsel, the timeliness of her preliminary hearing, the adequacy of the information, the propriety of instructing or refusing to instruct the jury on certain matters, and the denial of several of her motions.

The record reflects that, throughout the proceedings below, defendant appeared without counsel, yet insisted that she did intend to obtain counsel of her choice and that she could not proceed without the advice of counsel. Between September 29, 1986, the date that the information charging defendant was filed, and March 3, 1987, the date of trial, defendant made several requests to continue the matter so that she could retain counsel of her choice, asserting that she had con-

tacted in excess of 110 attorneys, each of whom she deemed unsatisfactory. Defendant rejected the trial court's offer to appoint counsel.

At trial, defendant again appeared without counsel, yet stated that she was not representing herself. The trial court advised defendant that she had waived her right to counsel. Defendant objected to being forced to proceed without an attorney. The evidence produced at trial indicates that while defendant was employed by Freeport Memorial Hospital as a nurse, the Illinois Department of Revenue had no record that defendant, a registered voter in Stephenson County, had filed income tax returns. Defendant did not offer a defense and was, subsequently, found guilty by a jury of willfully failing to file her Illinois income tax return for 1985.

■■ ■ Initially, we must consider the State's contention that defendant's filing of her motion for new trial after filing her notice of appeal constitutes a waiver of all issues raised on appeal as the circuit court lost jurisdiction to consider the motion. Once the jurisdiction of the appellate court attaches by the proper filing of a notice of appeal, the cause is beyond the jurisdiction of the trial court. (*People v. Larry* (1986), 144 Ill. App. 3d 669, 680-81.) Therefore, defendant's filing of a post-trial motion after her notice of appeal was filed was a nullity, and she, in essence, has failed to file a proper post-trial motion. The failure of defendant to file a post-trial motion is deemed to be a waiver of the errors raised on appeal. (See *People v. Szabo* (1986), 113 Ill. 2d 83, 93; *People v. Hammond* (1977), 48 Ill. App. 3d 707, 708-09.) Nevertheless, it appears from the record that the filing of the notice of appeal before the post-trial motion may have been caused by the trial judge's comments that he could not stay the execution of the sentence and release defendant on bond until she had filed an appeal. This appears to be why defendant filed her notice of appeal and request for bond on the same day that she was sentenced. In this circumstance, we choose not to apply the waiver doctrine. The rule of waiver is a limitation on the parties and not on the courts. *People v. Hoskins* (1984), 101 Ill. 2d 209, 219.

■ Defendant first contends that she was denied her right to competent counsel of her choice at various stages of these proceedings. Defendant asserts that this denial was so prejudicial that she was denied due process and a fair trial. It is well established that the accused in a criminal case does have the constitutional right to be represented by counsel of his or her own choosing. (*People v. Friedman* (1980), 79 Ill. 2d 341, 349.) It is equally true, however, that this right may not be employed as a weapon to indefinitely thwart the administration of justice or to otherwise embarrass the effective prosecution of a crime.

(*Friedman*, 79 Ill. 2d at 349.) Further, where a defendant is financially able to engage counsel and has been instructed to do so within a certain and reasonable time, yet fails to do so, and does not show reasonable cause why he was unable to secure representation, the court may treat such a failure as a waiver of the right to counsel and require him to proceed with the hearing. *People v. Williams* (1982), 92 Ill. 2d 109, 118.

The record here reflects that defendant did engage in conduct which, we find, constituted a waiver of her right to counsel. On October 20, 1986, at defendant's initial appearance before the trial court, she requested and was granted 30 days to obtain counsel, and the matter was set for preliminary hearing on November 20, 1986. On December 4, 1986, an additional continuance was granted after defendant appeared without counsel asserting that she had not retained an attorney because she thought that her case would be dismissed due to an alleged violation of her speedy-trial rights. She rejected an offer to have the public defender appointed to represent her.

Defendant later appeared without counsel at the preliminary examination on January 8, 1987, claiming to have contacted 37 attorneys, each of whom she deemed incompetent. The trial court then construed defendant's refusal to accept, again, its offer to appoint counsel and the offer to appoint counsel on an advisory basis as a desire to represent herself, and the preliminary hearing was held. After admonishing defendant of the nature of the charges and possible sentencing, the trial court entered a plea of not guilty on defendant's behalf, and the matter was set for a jury trial on March 3, 1987, with pretrial motions to be heard on February 27, 1987.

On February 27, defendant again appeared without counsel and requested a continuance to secure counsel, asserting that she had contacted an additional 75 attorneys, each of whom she deemed unsatisfactory for a variety of reasons. This motion was denied. At trial, defendant still appeared without counsel, but continued to assert that she was not representing herself. The trial court advised defendant that she had waived her right to counsel.

We, too, find that defendant waived her right to secure counsel of her choice. Defendant was granted two 30-day continuances and was given at least five months, which we believe is a reasonable amount of time, in which to retain competent counsel. In fact, defendant represented that she contacted in excess of 110 attorneys, all of whom she felt were incapable of representing her adequately. Additionally, defendant twice rejected the trial court's offer to appoint a public defender, even in an advisory capacity. Defendant did not claim to be in-

digent, and, because defendant did not show reasonable cause why she was unable to secure representation, the trial court properly treated her failure to obtain counsel combined with her refusal to accept appointed counsel as a waiver of her right to counsel. See *Williams*, 92 Ill. 2d at 118.

■ Defendant next contends that the trial court erred when it denied her motion to dismiss the information because her preliminary hearing was allegedly held 66 days following her arrest, thereby violating her statutory right to a prompt preliminary hearing or grand jury indictment within 60 days of her arrest. See Ill. Rev. Stat. 1985, ch. 38, pars. 109—3.1(b), (c).

Here, defendant was arrested and released on bond on September 29, 1986. At her arraignment, on October 20, 1986, the trial court set the preliminary hearing for November 6, 1986, and, at both the defendant's and the State's request, reset it for November 20. A further continuance of the preliminary hearing from that date was later requested by the State. The preliminary hearing was held on January 8, 1987, after defendant requested another continuance on December 4, 1986.

Section 109—3.1(c) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, par. 109—3.1(c)) provides that a delay occasioned by the defendant shall temporarily suspend, for the time of the delay, the period within which the preliminary examination must be held. In the context of the speedy-trial statute (Ill. Rev. Stat. 1985, ch. 38, par. 103—5), a defendant is considered to have occasioned a delay when he requests a continuance, agrees to a continuance, or when his actions otherwise cause or contribute to a delay. (*People v. Bivins* (1981), 97 Ill. App. 3d 386, 392.) Here, defendant requested that the November 6 preliminary examination date set by the court be reset, and November 20 was agreed upon. This caused a delay of 14 days which, we find, was occasioned by the defendant's request and agreement for a continuance. Thus, while the preliminary examination was not held until January 8, 1987, some 101 days after defendant's arrest, the initial 14-day delay and the 34-day delay occasioned by defendant after December 4 suspended those days so that the preliminary examination was held within 53 days, well within the 60-day statutory requirement.

Here, the trial court found the delay attributable to the defendant's conduct, and the decision of the trial court as to accountability for a delay should be sustained absent a clear abuse of discretion. (See *People v. Reimolds* (1982), 92 Ill. 2d 101, 107.) We find no abuse of discretion. In any event, we note that section 109—3.1 does not estab-

lish any remedy for its violation (*People v. Riddle* (1986), 141 Ill. App. 3d 97, 101), and defendant has shown no prejudice by the delay to warrant reversal.

■ Defendant also contends that the information filed against her was defective because it did not specifically allege that she was subject to the provisions of Illinois' Income Tax Act (Act) (see Ill. Rev. Stat. 1985, ch. 38, par. 111—3(a)(3)). The sufficiency of an information, however, which is attacked for the first time on appeal, is not to be determined by whether its form follows precisely the provisions of the statute. (*People v. Gilmore* (1976), 63 Ill. 2d 23, 29.) Rather, the information or indictment is considered sufficient if it apprised the accused of the precise offense charged with sufficient specificity so that he could prepare his defense and bar future prosecutions arising out of the same conduct. (*Gilmore*, 63 Ill. 2d at 29; see *People v. Strong* (1986), 151 Ill. App. 3d 28, 41.) Here, the information provided as follows:

> "[s]he was a resident of the State of Illinois in 1985, was required to file a Federal Income Tax Return for that year, and that she willfully failed to file an Illinois State Income Tax Return for the taxable year 1985 as required by Chapter 120, Section 5—502, Illinois Revised Statutes, in violation of Chapter 120, Section 13—1301 Illinois Revised Statutes, as amended December 1, 1984."

The information properly referred defendant to the statutory provision rendering the Act applicable to her (see Ill. Rev. Stat. 1985, ch. 120, par. 5—502) and, further, cited the statute under which defendant was charged. Thus, defendant was sufficiently informed of the charged violation, thereby protecting her from double jeopardy and enabling her to prepare a defense.

We note that where an information is challenged in a post-trial motion, the charging instrument must set forth the nature and the elements of the offense charged to be sufficient. (*People v. Wisslead* (1985), 108 Ill. 2d 389, 394.) The language of the violated statute, however, can serve to apprise a defendant of both the nature and the elements of the offense, so long as the statutory language specifies, with reasonable certainty, the type of conduct being alleged. (*Wisslead*, 108 Ill. 2d at 394.) Accordingly, even assuming that defendant had properly raised this point following trial in a timely post-trial motion, we conclude that the indictment sufficiently set forth the elements of the offense and the nature of that offense in that it informed her that she failed to file an Illinois income tax return as required by Illinois law.

■ Defendant next contends that the State's tendered instruc-

tions Nos. 11 and 16 were erroneously given. People's instruction No. 11, Illinois Pattern Jury Instructions, Criminal, No. 3.14 (2d ed. 1981) (hereinafter IPI Criminal 2d), instructed the jury that proof of other offenses had been received solely on the issue of intent and knowledge. This was a proper instruction because proof of defendant's failure to file income tax returns for the years 1981, 1982, 1983, and 1984 was admitted into evidence. Besides, defendant only objected "for the record" below and has not advanced any argument or authority in her brief to challenge the propriety of People's instruction No. 11.

■ People's instruction No. 16, a non-IPI criminal instruction, defined the word willful as conduct performed "knowingly or with knowledge," as provided in section 4—5(b) of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 4—5(b)). This section provides, in pertinent part, that "[c]onduct performed knowingly or with knowledge is performed willfully, within the meaning of a statute using the latter term, unless the statute clearly requires another meaning."

Defendant asserts that section 1—102 of the Illinois Income Tax Act provides that terms not defined in the Act shall have the same meaning as provided by the United States Internal Revenue Code or Federal precedent (Ill. Rev. Stat. 1985, ch. 120, par. 1—102), and that willful, under the Internal Revenue Code and Federal case law, means an evil motive or bad intent or purpose, an intentional disregard for the tax laws and an intentional violation of a known legal duty.

The State, however, contends that because willfully failing to file a tax return constitutes a Class 4 felony, the appropriate standard to be applied, and that which was tendered to and given by the trial court, is that found in section 4—5(b) of the Illinois Criminal Code, which provides that an act is performed willfully if it is performed knowingly or with knowledge, unless the statute within which the term is used provides otherwise. (Ill. Rev. Stat. 1985, ch. 38, par. 4—5(b).) Further, the State emphasizes that, under Illinois law, knowledge that certain conduct constitutes an offense or knowledge that there is a statute defining the offense is not an element of the charged offense unless specifically provided for in the statute. (Ill. Rev. Stat. 1985, ch. 38, par. 4—3(c).) Thus, the State concludes that the knowledge that failing to file a return is an offense is not an element of the offense; rather, all that is required to violate section 13—1301 of the Act is that defendant knew she was an Illinois resident in 1985, that she knew how much income she earned as reported on her 1985 W-2 form, and that she failed to file a return.

We agree with the State's argument. Section 1—102 of the Act provides only that, as a rule of construction, the terms of the Act shall

have the same meaning as used in a comparable context in the United States Revenue Code. (*Bodine Electric Co. v. Allphin* (1980), 81 Ill. 2d 502, 509; see also *Chicago Title & Trust Co. v. Department of Revenue* (1986), 146 Ill. App. 3d 923, 925.) Because section 13—1301 of the Act is a penal statute, its violation resulting in a Class 4 felony, such violation constitutes an offense as defined in section 2—12 of the Criminal Code. (Ill. Rev. Stat. 1985, ch. 38, par. 2—12.) The mental state of knowledge for Illinois offenses is defined in section 4—5 of the Criminal Code and, pertinent hereto, defines conduct performed willfully as conduct performed knowingly or with knowledge, as was included in People's instruction No. 16. Accordingly, the jury was properly instructed on this issue.

■ Defendant also contends that the trial court erred in refusing her instruction, which would have advised the jury that the right to earn income is a federally protected right, not subject to taxation by the State. Defendant argues that the Illinois income tax is imposed "on the privilege of earning or receiving income" (Ill. Rev. Stat. 1985, ch. 120, par. 2—201), and because earning a living is a constitutional right and not a privilege, it cannot be taxed as a privilege.

This court has found in *People v. Jones* (1986), 145 Ill. App. 3d 835, as follows:

> "The sole function of jury instructions is to convey the correct principles of law applicable to the evidence submitted to the jury, so that the jury may apply the proper legal principles to the facts and arrive at a correct conclusion according to the law and the evidence. [Citation.] The decision whether to give a tendered non-IPI instruction is always within the discretion of the trial court. Instructions should not be given, however, if they do not accurately state the law or if they are misleading or confusing. [Citation.]" 145 Ill. App. 3d at 838.

Our supreme court held in *Thorpe v. Mahin* (1969), 43 Ill. 2d 36, 45 that, "under section 2 of article IX of our constitution the General Assembly has the power to impose a tax on the privilege of earning or receiving income in or as a resident of Illinois." This decision was rendered interpreting the Constitution of 1870. Section 3 was added to article IX so that the Illinois Constitution of 1970 would embody the *Thorpe* court's decision to uphold the Illinois Income Tax Act of 1969. (Ill. Ann. Stat., 1970 Const., art. IX, §3, Constitutional Commentary, at 174 (Smith-Hurd 1971).) Apparently, the framers of the Illinois Constitution of 1970 wanted to insure that courts could not hold that the Constitution prohibited the State from imposing an income tax. (Ill. Ann. Stat., 1970 Const., art. IX, §3, Constitutional Commentary, at

174 (Smith-Hurd 1971).) In a subsequent decision, the supreme court found no constitutional prohibition, under the Constitution of 1970, against the taxation of personal rights stating, in *Berry v. Costello* (1976), 62 Ill. 2d 342, 346:

" 'Taxes *** are commonly levied on property or its use, but they may likewise be laid on the exercise of personal rights and privileges.' [Citation.] Further, 'the legislative power to tax privileges is not limited to those privileges which the legislature alone authorizes, and which it can entirely abolish, but extends to inherent rights ***.' [Citations.]" (62 Ill. 2d at 346.)

Thus, whether specified as a right or a privilege, it is clear that the income defendant earns is properly taxable by the Illinois Department of Revenue. Accordingly, defendant's instruction is an incorrect statement of law and, as such, was properly refused by the trial court.

With respect to the remaining issues, we note that this court has held that a *pro se* litigant in the appellate court must comply with the same rules required of attorneys. (*In re Marriage of Winters* (1987), 160 Ill. App. 3d 277, 281.) Defendant has failed to cite any authority, has made no reference to the record, nor has she provided any reasoned argument in support of her remaining contentions. (See 107 Ill. 2d R. 341(e)(7).) It is well established that reviewing courts are entitled to have issues clearly defined, with pertinent authorities cited and a cohesive legal argument presented. (*Brown v. Broadway Perryville Lumber Co.* (1987), 156 Ill. App. 3d 16, 21; *Peterson v. City of Highland Park* (1987), 153 Ill. App. 3d 826, 837.) Any issue not adequately presented to this court for review may be deemed waived. (*Peterson*, 153 Ill. App. 3d at 837.) The appellate court is not simply a depository in which the appealing party may dump the burden of argument and research. (*Williams v. Danley Lumber Co.* (1984), 129 Ill. App. 3d 325.) The remaining issues raised by defendant here are not adequately briefed in accordance with Rule 341(e)(7) so as to permit proper review, and, thus, we will not address them. See *People v. Ramirez* (1983), 98 Ill. 2d 439, 472.

For the foregoing reasons, the judgment of the circuit court of Stephenson County is affirmed.

Affirmed.

HOPF and DUNN, JJ., concur.